IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DARMARIS GRAY, on behalf of himself and all others similarly situated,**<br><br>    Plaintiff,<br><br>v.<br><br>**WIRELESS VISION, LLC, a Michigan limited liability company.**<br><br>    Defendant. | Case No.: |

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, DARMARIS GRAY ("Plaintiff"), individually and on behalf of all others similarly situated, files this Complaint ("Complaint") against WIRELESS VISION, LLC ("WIRELESS VISION" or "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201. The following allegations are based on personal knowledge, and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiff and similarly situated employees who have worked under the title "Assistant Manager" for WIRELESS VISION. WIRELESS VISION operates from approximately two

hundred (200) locations in over ten (10) states. This action is intended to encompass all such locations.

2. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute his FLSA claim as a collective action on behalf of all persons whom are currently or were formerly employed by Defendant as Assistant Managers within the United States during or after November 25, 2012 ("the putative class members").

3. Plaintiff alleges, on behalf of himself and the putative class members, that he is entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above forty (40) hours in a work week, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b).

5. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

6. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

7. At all times material to this Complaint, Defendant had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

8. Based upon information and belief, the annual gross sales volume of Defendant was in excess of $500,000.00 *per annum* at all times material hereto.

9. At all times pertinent to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

## PARTIES

10. Plaintiff is an adult individual who is a resident of Decatur, Georgia. Plaintiff was employed by Defendant from approximately October 2013 to November 2014 in Lawrenceville, Gwinnett County, Georgia.

11. Plaintiff is a covered employee within the meaning of the FLSA.

12. Plaintiff's written consent is attached hereto as Exhibit A.

13. WIRELESS VISION is a Michigan limited liability company with a principal place of business in Bloomfield Hills, Michigan. At all times material, Defendant conducted business in the state of Georgia.

14. WIRELESS VISION is a covered employer within the meaning of the FLSA, and, at all times relevant, employed Plaintiff and similarly situated employees.

15. WIRELESS VISION is the entity listed on Plaintiff's paystubs and W-2s.

## FACTUAL BACKGROUND

16. During the three (3) year period immediately preceding the filing of this action ("the relevant period"), Defendant employed Plaintiff and similarly situated employees within the meaning of the FLSA. Defendant has had substantial control over working conditions of Plaintiff and similarly situated employees, and the unlawful policies and practices alleged herein.

17. WIRELESS VISION regularly required Assistant Managers to work in excess of forty (40) hours per week.

18. The primary duties of Assistant Managers are non-exempt, and include customer service, making sales to customers, and assisting customers with their service requests.

19. These primary duties do not vary significantly from one WIRELESS VISION location to another.

20. The primary duties of Assistant Managers do not fall under any of the exemptions under the FLSA.

21. During the relevant period, Plaintiff and similarly situated Assistant Managers worked over forty (40) hours in one or more work weeks they were employed by WIRELESS VISION.

22. Throughout the relevant period, it has been WIRELESS VISION's policy to uniformly classify Assistant Managers as exempt from overtime provisions of the FLSA, and not to pay them any overtime wages.

23. During the relevant period, WIRELESS VISION paid its Assistant Managers a base weekly salary plus commission, but not time and one-half wages for their hours worked over forty (40) in a work week, which is a violation of the FLSA.

24. Plaintiff and the putative class members all perform or performed the same primary duties.

25. WIRELESS VISION applies the same employment policies, practices, and procedures to all Assistant Managers.

26. WIRELESS VISION did not keep accurate records of hours worked by Assistant Managers, including Plaintiff. That is, although Assistant Managers routinely worked more than forty (40) hours, WIRELESS VISION did not record those hours.

27. WIRELESS VISION was aware that Assistant Managers, including Plaintiff and the putative class members, worked more than forty (40) hours per work week, yet WIRELESS VISION failed to pay them any overtime compensation for any of the hours worked over forty (40) in a work week.

28. As part of its regular business practice, WIRELESS VISION has

intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the putative class members. This policy and pattern or practice includes, but is not limited to:

   a. willfully failing to pay Plaintiff and the putative class members overtime wages for hours that they worked in excess of forty (40) hours per work week;

   b. willfully misclassifying Plaintiff and the putative class as exempt from the protections of the FLSA; and

   c. willfully failing to record all of the time that its employees, including Plaintiff and the putative class members, have worked for the benefit of WIRELESS VISION.

29. There are many similarly situated current and former Assistant Managers whom have not been paid proper overtime wages in violation of the FLSA and whom would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the putative class members pursuant to 29 U.S.C. § 216(b).

30. The putative class members are known to Defendant, are readily identifiable, and can be located through Defendant's records.

31. By the conduct described in this Complaint, WIRELESS VISION has violated the FLSA by failing to pay Assistant Managers, including Plaintiff and the putative class members the overtime wages they have earned and to which they are entitled by law.

32. WIRELESS VISION is aware or should have been aware that the

FLSA required it to pay employees performing non-exempt duties, including Plaintiff and the putative class members, an overtime premium for hours worked in excess of forty (40) per work week.

33. WIRELESS VISION's unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages

34. Plaintiff realleges and incorporates by reference the allegations in ¶¶ 1 through 33.

35. WIRELESS VISION has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

36. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to WIRELESS VISION.

37. WIRELESS VISION has failed to pay Plaintiff and the putative class members the overtime wages to which they were entitled under the FLSA.

38. WIRELESS VISION's violations of the FLSA, as described in this Complaint, have been willful and intentional.

39. As a result of WIRELESS VISION's willful violations of the FLSA, Plaintiff and the putative class members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

40. As a result of the unlawful acts of WIRELESS VISION, Plaintiff and the putative class members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to the recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the putative class members, prays for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the putative class members, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the putative class members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b);

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An award of unpaid wages for all hours worked in excess of forty (40) in a work week at a rate of time and one-half of the regular rate of pay due under the FLSA;

d.  An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of forty (40) in a work week at a rate of time and one-half of the regular rate of pay pursuant to the FLSA;

e.  An award of prejudgment and post-judgment interest;

f.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees, and an award of a service payment to the Plaintiff and putative class members; and

g.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this **8th** day of **December**, **2015**.

Respectfully submitted,

/s/Justin D. Miller
**Justin D. Miller, Esq.**
GA Bar No.:  001307
**Carlos V. Leach, Esq.***
FL Bar No.:  0540021
*(*Pro Hac Vice Application Pending)*
*Attorneys for Plaintiff and Collective Class*

**Morgan & Morgan, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 3033-1007
Main:       (404)  965-8811
Direct Dial: (404)  496-7295
Direct Fax:  (404)  496-7405
Email: CLeach@forthepeople.com

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>/s/Gregg I. Shavitz<br>**Gregg I .Shavitz, Esq.***<br>FL Bar No.:  11398<br>Email:  gshavitz@shavitzlaw.com<br>**Camar Jones, Esq.***<br>FL Bar No.:  720291<br>Email:  cjones@shavitzlaw.com</td></tr>
<tr><td>**Shavitz Law Group, P.A.**<br>1515 S. Federal Highway, Suite 404<br>Boca Raton, Florida 33432<br>Telephone:  (561) 447-8888<br>Facsimile:   (561) 447-8831</td><td>**Susan H. Stern, Esq.***<br>FL Bar No.:  857726<br>Email:  sstern@shavitzlaw.com<br>*(\*Pro Hac Vice Application Pending)*<br>*Attorneys for Plaintiff and Collective Class*</td></tr>
</table>

## FONT CERTIFICATION

Pursuant to Local Rule 5.1(C) Plaintiff hereby certifies that the within and foregoing Complaint was prepared using Times New Roman, 14-point font.

Respectfully submitted,

/s/Justin D. Miller
**Justin D. Miller, Esq.**
GA Bar No.:  001307
**Carlos V. Leach, Esq.***
FL Bar No.:  0540021
*(*Pro Hac Vice Application Pending)*
*Attorneys for Plaintiff and Collective Class*

**Morgan & Morgan, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 3033-1007
Main:         (404)  965-8811
Direct Dial:  (404)  496-7295
Direct Fax:   (404)  496-7405
Email: CLeach@forthepeople.com

Respectfully submitted,

/s/Gregg I. Shavitz
**Gregg I .Shavitz, Esq.***
FL Bar No.:  11398
Email:  gshavitz@shavitzlaw.com
**Camar Jones, Esq.***
FL Bar No.:  720291
Email:  cjones@shavitzlaw.com
**Susan H. Stern, Esq.***
FL Bar No.:  857726
Email:  sstern@shavitzlaw.com
*(*Pro Hac Vice Application Pending)*
*Attorneys for Plaintiff and Collective Class*

**Shavitz Law Group, P.A.**
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone:  (561) 447-8888
Facsimile:   (561) 447-8831